# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TARIQ ELLIOTT, | : | |
| | : | Civil Action No. 18-8504 (BRM)(DEA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| ROBERT WALL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Tariq Elliott ("Plaintiff"), an individual currently confined at Monmouth County Correctional Institution in Freehold, New Jersey, upon the filing of a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On April 30, 2018, this Court entered an Order administratively terminating this case. (ECF No. 2.) As the Court explained in that Order, Plaintiff failed to submit a complete application to proceed *in forma pauperis*, as required by 28 U.S.C. § 1915(a). (*Id.*) Specifically, Plaintiff submitted a certification from a prison official regarding his prisoner account statement but failed to provide an actual copy of the account statement. (*Id.*)

In response, Plaintiff submitted a copy of his six-month prisoner account statement. (ECF No. 3.) However, the copy he provided is cut-off on the right side. (*Id.*) The Court is only able to see part of the column marked "Memo" and, more importantly, is unable to see if there are any other columns after "Memo." The Court also notes that his account statement appears to show several instances of money being sent to him from outside the prison, but in his Affidavit of Poverty, he states that he has received zero dollars from any sources in the past twelve months. (ECF No. 1-1, ¶ 5.) While the Court cannot be sure because it does not have a complete copy of

the account statement, it appears that his Affidavit and statement are in conflict. Plaintiff should ensure any subsequent *in forma pauperis* application is accurate and complete.

Accordingly, and for good cause appearing,

**IT IS** on this 4th day of May 2018;

**ORDERED** that the Clerk of the Court shall make a new and separate entry marking his matter **RE-OPENED**; and it is further

**ORDERED** that Plaintiff's implied request to proceed *in forma pauperis* (ECF No. 3) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall again **ADMINISTRATIVELY TERMINATE** this case, without filing the Complaint or assessing a filing fee; and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights)(DNJ ProSe 007 A(Rev. 5/13)) to be used by Plaintiff in any future application to proceed *in forma pauperis*; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, accurate and signed *in forma pauperis* application, including a certified prison account statement for the six months immediately preceding the filing of the Complaint, which includes <u>all</u> columns of the statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and

administrative fees, within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**